OPINION OF THE COURT
Karen A. Riley, J.
Defendant was convicted of the crime of rape in the third degree after a plea of guilty on April 18, 2005. On June 6, 2005, *544 the defendant was sentenced to 10 years’ probation. A violation of probation petition was filed on February 24, 2006.
By this motion the defendant has moved to dismiss the petition alleging that the defendant has violated special condition S-14 of the terms and conditions of probation, which the court decides, having considered: (1) the defendant’s memorandum of law dated April 19, 2006, and (2) the memorandum of law in opposition to defendant’s application to dismiss the violation of probation petition.
A violation of probation petition was filed which alleges that the defendant violated special condition S-14 “in that on 2/23/06 during a home visit, Bruce J. Etheridge Jr. had in his possession material that depicted or appeared to depict nudity, or actual or simulated sexual conduct on his computer.” In addition, an addendum to the petition was filed on May 17, 2006 in which it is alleged that the defendant violated condition 5, which requires the defendant to answer truthfully all inquiries made by his probation officer and special condition S-5 which prohibits all direct and indirect contact with the victim of his sexual offense. In support of these charges it is alleged that the defendant, while using his computer, accessed and viewed on two occasions a photograph of his victim and that the defendant failed to answer truthfully to inquiries made by his probation officer. Specifically, the defendant was asked if he had any contact with his victim and the defendant answered in the negative. The Orange County District Attorney’s office has advised the court that they will not proceed with the allegations contained in the addendum to the violation of probation petition.
The defendant moves to dismiss the original violation of probation petition on the grounds that probation condition S-14 is overbroad and constitutionally infirm, that enforcement of condition S-14 would violate the First Amendment rights of the defendant and that enforcement of this condition would deny the defendant substantive due process. Special condition S-14 states:
“You shall not enter, frequent or patronize places which primarily engage in the business of selling books, magazines, other materials or persons that depict or appear to depict nudity, or actual or simulated sexual conduct of any kind, eg. Adult bookstores, strip clubs, adult entertainment show. You shall not purchase, possess or view books, magazines, videotapes, films, cable networks, web *545 sites or other materials which depict or appear to depict nudity, or actual or simulated sexual conduct of any kind.”
As a result of a probation home visit, which was authorized by the court, the defendant was found to have in his possession a computer which contained video clips and photographs depicting nudity which were downloaded onto his computer from Internet sites.
1. Defendant’s Contention that Condition S-14 is Overbroad
The defendant argues that the terms of special condition S-14 are overbroad because the condition prohibits behavior that is protected by the Constitution. The defendant contends that the prohibition against the viewing of all nudity contained in the special condition would necessarily include noncriminal, protected conduct. In addition, he argues that there is no compelling reason for limiting the defendant’s First Amendment right to view nudity in this manner.
The Second Circuit has recently decided a case which addresses some of the issues raised by the defendant in his application. In Farrell v Burke (449 F3d 470 [2d Cir 2006]), the United States Court of Appeals, Second Circuit, decided that contrary to a parolee’s claims that a prohibition against possessing pornography contained in parole conditions was unconstitutionally vague and overbroad, the prohibition against possessing pornography was not constitutionally infirm. Although the condition in the present case does not use the term “pornography,” the analysis in the Second Circuit’s decision is relevant. The Second Circuit acknowledged that the meaning of the term pornography is ambiguous and has a broad meaning. Notwithstanding the inclusion of this term in the parole conditions, the court determined that the parole condition was not unconstitutional. Much of the reasoning behind this decision is centered around the fact that a parolee’s rights are circumscribed by the fact that he or she is a convicted felon who has avoided incarceration by accepting certain limitations placed upon his or her behavior. The analysis is applicable to the defendant’s arguments and, for the reasons that follow, the special condition which is challenged by the defendant is not unconstitutional.
In general, an overbreadth challenge to an enactment or a statute is a form of a First Amendment challenge which is also a facial challenge. A party claiming a constitutional infirmity on this basis need not show that he or she has been directly harmed by the application of the statute and may raise a claim based *546 upon a hypothetical application of the challenged statute. “A party alleging overbreadth claims that although a statute did not violate his or her First Amendment rights, it would violate the First Amendment rights of hypothetical third parties if applied to them” (Farrell v Burke at 498; Broadrick v Oklahoma, 413 US 601 [1973]). However, the infirmity must be more than merely academic and must create a substantial violation of rights. “[T]he overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep” (Broadrick, 413 US at 615).
The defendant’s argument that the special condition is over-broad is limited by the fact that he consented on the record and in writing to this specific condition when he signed the special terms and conditions of probation to being placed on probation. In so doing, he consented to the imposition of the special condition he now claims is unconstitutional. As a result, the special condition is not applicable to any other person other than the defendant.
“The purpose of an overbreadth challenge is to prevent the chilling of constitutionally protected conduct, as prudent citizens will avoid behavior that may fall within the scope of a prohibition, even if they are not entirely sure whether it does” (Farrell v Burke, 449 F3d at 499). Here, the defendant’s First Amendment rights are circumscribed by the fact that he is a sex offender placed on probation after a felony conviction and is the only person affected by the special condition at issue (United States v Albanese, 554 F2d 543 [2d Cir 1977]).
Because this matter involves a special condition of probation affecting a single individual, many of the cases relied upon by the defendant which involve general statutes precluding conduct by the general public are inapposite (see e.g. Secretary of State of Md. v Joseph H. Munson Co., 467 US 947 [1984]; Virginia v Hicks, 539 US 113 [2003]). For the defendant to succeed in the arguments raised, the condition must be found to be overbroad with respect to the defendant alone since he is the only person subject to it. As in Farrell (supra), because the defendant’s First Amendment rights as a probationer are circumscribed, and because the defendant is the only person affected by the special condition, the special condition cannot be considered to be both real and substantial in relation to its legitimate scope (Farrell v Burke, 449 F3d 470 [2d Cir 2006]).
The court must reject the defendant’s argument that there is no legitimate reason for the condition to prohibit the viewing of *547 all nudity. The defendant admitted that as a security guard at a local school he befriended a student, pursued her and ultimately participated in a sexual relationship with her while she was underage. The probation department attached the special condition as a means of ensuring that the defendant followed his course of treatment and its inclusion is fundamentally rehabilitative (People v McNair, 87 NY2d 772 [1996]). Although the defendant has developed his argument around a hypothetical violation of the special condition by viewing a piece of seventeenth century art, this infirmity is not substantial in relation to the legitimate scope of the condition. The content of the defendant’s computer proves the point when considered in relation to the crime he committed.
Finally, the defendant is also prohibited from viewing actual or simulated sexual conduct and is alleged to have images of actual or simulated sexual conduct on his computer. Even if the defendant were correct in his allegations regarding the prohibition against viewing nudity, the prohibition against viewing or possessing depictions of actual or simulated sexual conduct is clearly constitutional, directly related to the crime the defendant committed and related to the defendant’s rehabilitation.
Accordingly the defendant’s application to dismiss the petition alleging that the defendant violated the special condition S-14 on the basis that it is overbroad is denied.
2. Defendant’s Contention that Condition S-14 Violates his First Amendment Rights
Acts that otherwise may be completely lawful to the general public may violate the terms and conditions of probation that are related to the crime committed by the defendant. Here, the defendant admitted to rape in the third degree and was placed on probation which included terms and conditions which mandated restrictions on his behavior related to the crime he committed. These terms and conditions properly limited the defendant’s First Amendment rights (see, Farrell v Burke, supra; see also, People v Hale, 93 NY2d 454 [1999]).
The images which the defendant is alleged to have downloaded onto his computer which form the basis of the petition do not contain works of art from the seventeenth century. They do include photographs and video clips of women in positions and making movements designed to arouse. These images do not fall within a gray area in which the defendant unsuspectingly found himself. Moreover, the defendant consented to the imposition of probation as a sentence (see, People v Hale, 93 NY2d 454 [1999]). *548 Instead, they are clear violations of probation which are related to the crime to which the defendant entered his plea of guilty. Accordingly, the imposition of this condition did not violate the defendant’s First Amendment rights.
3. Defendant’s Denial of Due Process Contention
The defendant’s claim that enforcement of special condition S-14 denies the defendant his right to substantive due process of law is without merit. The defendant, after setting forth the general principles of substantive due process, merely states that “enforcement of condition S-14 would subject Bruce Etheridge to arbitrary governmental conduct. It may not be enforced against Bruce Etheridge.”
The defendant has not made an initial factual showing that he has been denied substantive due process. The enforcement of the conditions of probation after an allegation of noncompliance necessarily requires court intervention and oversight. The defendant is thereafter afforded all of the protections of the state and federal constitutions and statutes. Accordingly, the defendant’s motion is denied in this respect.